UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KRISTEN PEDERSEN,

         Plaintiff,

v.

         Case No. 24-cv-38-pp

PURE MECHANICAL, LLC,

         Defendant.

**ORDER GRANTING INTERVENOR DEFENDANT'S MOTION TO INTERVENE, BIFURCATE AND STAY (DKT. NO. 11)**

On January 10, 2024, the plaintiff filed a complaint alleging that the defendant had violated the Fair Labor Standards Act and Wisconsin's Wage Payment and Collection Laws by failing to compensate the plaintiff for overtime hours she worked. Dkt. No. 1. The defendant filed a timely answer on January 29, 2024. Dkt. No. 7.

On February 6, 2024, intervenor defendant Acuity, A Mutual Insurance Company filed a motion to intervene, bifurcate and stay the case. Dkt. No. 11. The plaintiff filed a response, which stated the plaintiff does not oppose Acuity's motions to intervene or to bifurcate the issues but does oppose its motion to stay proceedings on the merits of the lawsuit until the coverage issues are resolved. Dkt. No. 14. The defendant did not file a brief responding to Acuity's motion.

1

The court will grant Acuity's motions to intervene and to bifurcate. The court also will grant Acuity's motion to stay because, among other things, it is not persuaded that the plaintiff would be prejudiced by a stay.

**I.     Parties' Arguments**

   A.     <u>Acuity's Brief Supporting Motion to Intervene, Bifurcate and Stay (Dkt. No. 12)</u>

Acuity explains that it provided commercial insurance to the defendant, which was effective when the plaintiff filed this lawsuit. Dkt. No. 12 at 1, 13 at ¶¶2-3. It explains that "[the defendant] provided notice of the lawsuit to Acuity, and Acuity is providing [the defendant] with a defense to the action under a full reservation of rights." Dkt. No. 12 at 1. Acuity asserts that it "has coverage defenses that it intends to raise promptly, after it is allowed to intervene in this action."[1] <u>Id.</u> Acuity seeks an order "(1) allowing it to intervene in the lawsuit; (2) bifurcating the insurance coverage issues from the merits of the suit; and (3) staying proceedings related to the merits of the lawsuit until the coverage issues have been resolved." <u>Id.</u>

Regarding the motion to intervene, Acuity argues that it has satisfied each of the four conditions for intervention outlined in Rule 24(a)(2) of the Civil Rules of Federal Procedure. <u>Id.</u> at 2. It contends that (1) its motion is timely, (2) it has an interest in the present case, (3) the disposition of the case, without Acuity's intervention, would impair or impede its ability to protect its interests and (4) no existing party adequately represents its interests. <u>Id.</u> at 2-3 (citing

---

[1] Acuity filed a proposed complaint for declaratory judgment, which details its coverage defenses. Dkt. No. 13-1.

Security Ins. Co. of Hartford v. Schipporeit, 69 F.3d 1377, 1380 (7th Cir. 1995); Forest v. American Fam. Ins. Co., Case No. 06-C-14, 2007 WL 2903311 (E.D. Wis. Oct. 3, 2007)). Acuity claims that "the most important consideration in determining timeliness is whether moving for intervention will prejudice the existing parties to the case," and contends that "because the case has just gotten underway, there cannot be any prejudice to any party in allowing Acuity to intervene." Id. at 2-3 (citing U.S. v. Thorson, 219 F.R.D. 623, 628 (W.D. Wis. 2003)).

Regarding the motions to bifurcate and stay the proceedings, Acuity argues that state and federal courts in Wisconsin have established that "the preferred method of resolving coverage is to bifurcate coverage from liability and damage issues and then to stay the merits of the case pending a coverage determination." Id. at 3-4. Acuity contends that the Wisconsin Supreme Court continually has reaffirmed this approach to handling coverage issues. Id. at 4-5 (citing Elliott v. Donahue, 169 Wis. 2d 310, 318 (Wis. 1992); Newhouse v. Citizens Security Mutual Ins. Co., 176 Wis. 2d 824, 836 (Wis. 1993); Liebovich v. Minn. Ins. Co., 310 Wis. 2d 751, 784 (Wis. 2008)). Acuity recounts that the Wisconsin Supreme Court has observed that by following this procedure, "the insurer runs no risk of breaching its duty to defend." Id. at 4 (citing Newhouse, 176 Wis. 2d at 836).

Acuity asserts that "[f]ederal courts in Wisconsin have adopted Wisconsin's procedure to bifurcate and stay the merits of an underlying claim pending a coverage determination, particularly, as here, when the case is in its

3

earliest stages and coverage can be determined without prejudice to the parties." Id. at 5. Acuity claims that Fed. R. Civ. P. 42(b) allows the court "to bifurcate and stay if it would 'prevent prejudice to a party or promote judicial economy.'" Id. (quoting SepticairAID, LLC v. Holt, Case No. 14-CV-0172, 2015 WL 150391, at *1-2 (E.D. Wis. Jan. 12, 2015)). Acuity contends that the court in SepticairAID applied Rule 42(b) to bifurcate and stay similar proceedings. Id. Acuity described the reasoning in SepticairAID as follows:

> Primarily, "bifurcating and staying proceedings on the merits until coverage issues have been resolved will prevent prejudice to the intervenors, who otherwise may be forced to incur unnecessary legal fees in defending defendant." [*SepticairAID*, 2015 WL 150391, at *1] Moreover, "bifurcating and staying proceedings on the merits will not upset the efficiency of the underlying action because this case is in its early stages; defendant has not yet answered and discovery has not begun." *Id.* Third, the court noted that bifurcation and stay are warranted where the underlying defendants would not be prejudiced. *Id.* Lastly, "coverage determinations usually involve comparing policy provisions to the claims asserted and thus do not require much discovery." *Id.*, citing *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 311 Wis.2d 548, 560 (2008).

Id.

Acuity asserts that bifurcating and staying these proceedings is justified because it "will both prevent prejudice and promote judicial economy." Id. Acuity contends that "prejudice to Acuity in paying defense fees and costs will be avoided by staying the merits of the underlying claim." Id. It asserts that "[a] bifurcation and stay would promote judicial economy, allow the parties to streamline the process, and further the interest of all of the parties." Id. Finally, Acuity avers that "there is no overlap between the coverage issues and merits issues." Id.

4

B.  The Plaintiff's Response Brief in Opposition (Dkt. No. 14)

The plaintiff explains that while she has no objection to Acuity's motion to bifurcate the issues or intervene, she objects to Acuity's motion to stay this matter. Dkt. No. 14 at 1. The plaintiff asserts that she "would be irreparably prejudiced by the proposed delay caused by Acuity's motion." Id. at 2.

The plaintiff argues that "the potential prejudice of Acuity's motion on the original parties far outweighs any other concerns in relationship to the motion to stay the proceedings." Id. The plaintiff recounts that the complaint alleges that the defendant "failed to compensate her for time worked during the course of her employment and through approximately December 31, 2023." Id. The plaintiff complains that "Acuity now asks that it, a multi-billion-dollar company, be allowed to delay Plaintiff's right to recoup the unpaid wages she is entitled to in order to fight over potential insurance coverage related to Plaintiff's claims." Id.

The plaintiff avers that "[t]he prejudice associated with this delay substantially outweighs Acuity's asserted right to stay this matter because Acuity has other methods to protect its rights that do not prejudice the Plaintiff." Id. The plaintiff contends that, "[w]hen coverage disputes arise, Wisconsin Courts have 'articulated several judicially preferred procedures to follow and have repeatedly held that when an insurer follows one of those approaches, it is not at risk of breaching its duty to defend.'" Id. at 3 (quoting Choinsky v. Emps. Ins. Co. of Wausau, 390 Wis. 2d 209, 224 (Wis. 2020)). The plaintiff says that "Wisconsin has identified four judicially preferred procedures

5

for insurers to follow in the event of a coverage dispute" and lists those procedures as:

> 1. Defend under a reservation of rights;
> 2. Defend under a reservation of rights but seek a declaratory judgment on coverage;
> 3. Enter into a nonwaiver agreement under which the insurer defends the insured but the insured acknowledges that the insurer has the right to contest coverage;
> 4. File a motion with the court requesting a bifurcated trial on coverage and liability and a stay of the proceedings on liability until coverage is determined.

Id. (citing Water Well Sols. Serv. Grp., Inc. v. Consol. Ins. Co., 369 Wis. 2d 607, 630-31 (Wis. 2016)). The plaintiff argues that "[f]rom this list, Acuity has chosen and requested the only methodology that would cause a lengthy delay and irreparable harm to the Plaintiff, who is entitled to wages that [the defendant] has failed to pay her." Id. The plaintiff contends that, "[b]y staying this case, the Plaintiff will be prevented from pursuing the only remedy available to her for an unknown and unspecified period of time." Id. The plaintiff concludes that "a stay of the original proceeding is unwarranted due to the prejudice to Plaintiff." Id.

    C.    <u>Acuity's Reply Brief in Support (Dkt. No. 15)</u>

Despite the plaintiff's objection, Acuity "maintains that a stay is appropriate." Dkt. No. 15 at 1. Acuity observes that beyond the plaintiff stating that "her ability to recover the wages she alleges she is entitled to will be delayed[,]" she "does not assert any particular financial hardship, but only alleges that she would suffer 'irreparable harm.'" Id. Acuity contends that "[i]f

6

loss of the use of money a plaintiff would potentially obtain constitutes 'irreparable harm,' then a stay would never be appropriate[, but] [t]hat is not the case." Id. Acuity reiterates that "bifurcation and stay is appropriate when coverage is at issue." Id.

Acuity cites two decisions from this district where the court determined that staying proceedings on the merits to first resolve coverage issues did not unduly prejudice the parties. Id. at 1-2 (citing Martinez v. Calimlim, Case No. 08-CV-00810, 2009 WL 2705887 at *1 (E.D. Wis. 2009); SepticairAID, 2015 WL 150391 at *2). Acuity quoted the following excerpt from the Martinez decision:

> However, plaintiff significantly overstates the complexity involved in deciding the coverage issue. The coverage issue is a straightforward one, and I anticipate little difficulty in resolving it quickly. The coverage issues rests on the four corners of the complaint and the terms and conditions of the policies. *See Newhouse*, 176 Wis. 2d at 835. I think it extremely unlikely that plaintiff will be unfairly prejudiced by bifurcation and stay.

Id. at 2 (quoting Martinez, 2009 WL 2705887 at *1). Acuity asserts that, "just as plaintiff claims she would be harmed, Acuity will be harmed if a stay is not granted, in that it will be required to pay defense costs until coverage has been determined." Id. Acuity notes that the SepticairAID decision "recognized that bifurcation and stay 'will prevent prejudice to the intervenors, who otherwise may be forced to incur unnecessary legal fees in defending defendant' and 'will not upset the efficiency of the underlying action because the case is in its early stages.'" Id. (quoting SepticairAID, 2015 WL 150391 at *2). Acuity concludes that it "is not anticipating a lengthy stay will be

7

necessary" and claims it "will be prepared to file its motion for declaratory judgment within 30 days of when it is allowed to intervene in this action." Id.

## II. Legal Standard

Rule 24(a) of the Federal Rule of Civil Procedure allows a party to intervene as a matter of right where that party establishes that "(1) [the motion] to intervene [was] timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the [parties] fail to represent adequately their interest." Ligas ex rel. Foster v. Maram, 478 F.3d 771, 773 (7th Cir. 2007) (internal citation and quotations omitted). "A failure to establish any of these elements is grounds to deny the petition." Id.

Under Fed. R. Civ. P. Rule 42(b), the court "may separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." Chlopek v. Fed. Ins. Co., 499 F.3d 692, 700 (7th Cir. 2007). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion and will be overturned only upon a clear showing of abuse." Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999). "Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." Land O' Lakes, Inc. v. Packerland Whey Prod., Inc., Case No. 14-C-1388, 2015 WL 1034481, at *1 (E.D. Wis. Mar. 10, 2015) (citing Houseman, 171 F.3d at 1121). "[T]he power to stay some or all proceedings is 'incidental to the power inherent in every court to control the

8

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" David & Goliath Builders, Inc. v. Kramer, Case No. 09-CV-0621, 2010 WL 145849, at *1 (E.D. Wis. Jan. 8, 2010) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). However, "[t]he power is not unlimited in that a stay should not be indefinite or otherwise excessive." Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co., Case No. 08-CV-135, 2009 WL 1108822, at *2 (N.D. Ind. Apr. 24, 2009); see also Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

"Wisconsin courts encourage the practice of resolving coverage issues before proceeding to the merits of a case." Roth v. Walsh Co, Inc, Case No. 18-CV-1431, 2019 WL 2287811, at *1 (E.D. Wis. Feb. 11, 2019) (citing Elliott, 169 Wis. 2d at 317-18; Bradley Corp. v. Zurich Ins. Co., 984 F. Supp. 1193, 1198 (E.D. Wis. Nov. 5, 1997)). The Wisconsin Supreme Court has instructed insurers who contest coverage to "not only request a bifurcated trial on the issues of coverage and liability" but to also "move to stay any proceeding on liability until the issue of coverage is resolved." Elliott, 169 Wis. 2d at 318; see also Liebovich, 310 Wis. 2d at 784 ("[I]t is well established that an insurer may request a bifurcated trial on the issue of coverage while moving to stay proceedings on the merits of the liability action until the issue of coverage is resolved."). Courts in this district have acknowledged Wisconsin's preference for this practice and at times have employed it. Compare SepticairAID, 2015

WL 150391, at *1-2 (granting insurer's motion to bifurcate and stay) and Roth, 2019 WL 2287811, at *1 (granting insurer's motion to bifurcate and stay) with Land O' Lakes, 2015 WL 1034481, at *1 (denying insurer's motion to bifurcate and stay) and Kohler Co. v. Whistling Oak Apartments LLC, No. 20-CV-1563, 2021 WL 1311420, at *1 (E.D. Wis. Apr. 8, 2021) (denying insurer's motion to bifurcate and stay).

### III. Analysis

Acuity may intervene as a matter of right under Fed. R. Civ. P. Rule 24(a). Acuity's motion to intervene is timely, because Acuity filed it within approximately one week of the defendant's answer. Acuity has an interest in the case—that the defendant has tendered defense of the plaintiff's claims to Acuity, and Acuity is obligated to defend if the claims fall within the relevant insurance policy. Disposition of the case without Acuity's intervention may impede or impair its ability to protect that interest. Finally, Acuity's interest is not adequately represented because it is asserting that it has no duty to defend against the plaintiff's claims. The court will grant Acuity's motion to intervene. See Ligas *ex rel.* Foster, 478 F.3d at 773.

The court will grant Acuity's request to bifurcate the insurance coverage issues from the merits of the suit and to stay proceedings related to the merits of the lawsuit until the coverage issues have been resolved. Bifurcating and staying proceedings on the merits until coverage issues have been resolved will prevent prejudice to Acuity, which otherwise may be forced to incur unnecessary legal fees in defending defendant. SepticairAID, 2015 WL 150391,

10

at *2; see also Roth, 2019 WL 2287811, at *1. Although the plaintiff claims she would be "irreparably prejudice[d]" by a stay, dkt. no. 14 at 2-3, it is not clear how. The plaintiff appears to oppose a stay primarily because it could delay her potential award of a judgment. Any reasonable plaintiff would prefer a judgment in her favor sooner rather than later, but this case is "in its early stages"; the court has not issued a scheduling order. See SepticairAID, 2015 WL 150391, at *2. The court does not anticipate that a stay would significantly delay the proceedings related to the merits of the lawsuit; often, "a coverage issue is a straightforward one," Martinez, 2009 WL 2705887, at *1, because "coverage determinations usually involve comparing policy provisions to the claims asserted and thus do not require much discovery[,]" SepticairAID, 2015 WL 150391, at *2 (citing Estate of Sustache, 311 Wis. at 560).

## IV. Conclusion

The court **GRANTS** Acuity's motion to intervene, bifurcate and stay. Dkt. No. 11. The court **ORDERS** that all proceedings in this case are **STAYED** pending resolution of the coverage issues. The court **REMOVES** the May 15, 2024 scheduling conference from its hearing calendar. The court will reset any necessary deadlines and/or hearings after the coverage issue has been resolved.

The court **DIRECTS** the clerk of court to separately docket Acuity's proposed intervenor complaint for declaratory relief at Dkt. No. 13-1.

The court **ORDERS** that if Acuity has not filed a motion for declaratory judgment by the end of the day on **May 31, 2024**, it must file a status report, updating the court as to its proposed next steps.

Dated in Milwaukee, Wisconsin this 30th day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**